# JUDGE SWAIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# 13 CV 6647

THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS,

Plaintiff,

-against-

DEZZ DRYWALL CONSTRUCTION, LLC,

Defendant.



13 CV _____

COMPLAINT

RECEIVED
SEP 19 2013
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

## NATURE OF THE ACTION

1. This is a civil action under section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185; and Section 9 of the Federal Arbitration Act, 9 U.S.C § 9, to confirm and enforce an Arbitrator's Award rendered pursuant to a collective bargaining agreement ("CBA") between the New York City District Council of Carpenters ("Union") and Dezz Drywall Construction, LLC ("Employer").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 185.

3. Venue is proper in this Court pursuant to 29 U.S.C. § 185(c) because the Union is located and administered in this district.

## THE PARTIES

4.      Plaintiff Union is a labor organization that represents employees in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142, and is the certified bargaining representative for certain employees of the Defendant.

5.      Upon information and belief, Defendant is a corporation incorporated under the laws of the State of New York. At relevant times, Defendant was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142.

## FIRST CLAIM FOR RELIEF

6.      Plaintiffs repeat the allegations set forth in paragraphs 1 through 5 above and incorporate them herein by reference.

7.      At relevant times, Defendant was a party to, or manifested an intention to be bound by a CBA with the Union.

8.      The CBA required Defendant, *inter alia*, to pay wages to and fringe benefits on behalf of certain employees.

9.      A dispute arose between the parties during the period of the CBA when the Employer failed to notify the Union of carpentry related work at 929 Cortland Avenue, Bronx New York 10451 performed beginning on January 11, 2011.

10.     Pursuant to the arbitration clause in the CBA, the dispute was submitted to arbitration to Roger Maher, the duly designated impartial Arbitrator.

11.     Thereafter, upon due notice to all parties, the Arbitrator duly held a hearing and rendered his Award (the "First August 18 Award"), in writing, dated August 18, 2013 determining the dispute.  A copy of the August 18 Award was delivered to Defendant.  A copy of the August 18 Award is annexed hereto as **Exhibit "A"**.

12.     In the First August 18 Award, the Arbitrator found that Defendant was in violation of the terms of the CBA and ordered Defendant to: (1) pay wages to Michael Rebovich in the amount of $23,259.60; (2) pay fringe benefits to the New York City District Council of Carpenters Benefits Funds in the amount of $19,595.52; and (3) pay one-half of the arbitrator's fee in the amount of $950.00.

13.     The Arbitrator also found that Defendant was required to pay the Union's attorney fees in the amount of $2,500.00 in the event the employer failed to satisfy the award.

14.     Defendant has failed to abide by the Award.

### SECOND CLAIM FOR RELIEF

15.     Plaintiffs repeat the allegations set forth in paragraphs 1 through 14 above and incorporate them herein by reference.

16.     A second dispute arose between the parties during the period of the CBA when the Employer failed to notify the Union of carpentry related work at Red Hook, Brooklyn, New York performed for 11 weeks beginning on or about May 2012.

17.     Pursuant to the arbitration clause in the CBA, the dispute was submitted to arbitration to Roger Maher, the duly designated impartial Arbitrator.

18.     Thereafter, upon due notice to all parties, the Arbitrator duly held a hearing and rendered his Award (the "Second August 18 Award"), in writing, dated

August 18, 2013 determining the dispute. A copy of the Second August 18 Award was delivered to Defendant. A copy of the Second August 18 Award is annexed hereto as **Exhibit "B"**.

19.     In the Second August 18 Award, the Arbitrator found that Defendant was in violation of the terms of the CBA and ordered Defendant to: (1) pay wages to Peter Phillip in the amount of $6,767.75; (2) pay fringe benefits to the New York City District Council of Carpenters Benefits Funds in the amount of $14,968.50; and (3) pay one-half of the arbitrator's fee in the amount of $950.00.

20.     The Arbitrator also found that Defendant was required to pay the Union's attorney fees in the amount of $2,500.00 in the event the employer failed to satisfy the award.

21.     Defendant has failed to abide by the Award.

**THIRD CLAIM FOR RELIEF**

22.     Plaintiffs repeat the allegations set forth in paragraphs 1 through 21 above and incorporate them herein by reference.

23.     A second dispute arose between the parties during the period of the CBA when the Employer failed to notify the Union of carpentry related work at Red Hook, Brooklyn, New York performed for 16 weeks beginning on or about May 2012.

24.     Pursuant to the arbitration clause in the CBA, the dispute was submitted to arbitration to Roger Maher, the duly designated impartial Arbitrator.

25.     Thereafter, upon due notice to all parties, the Arbitrator duly held a hearing and rendered his Award (the "Third August 18 Award"), in writing, dated August

18, 2013 determining the dispute. A copy of the Third August 18 Award was delivered to Defendant. A copy of the Third August 18 Award is annexed hereto as **Exhibit "C"**.

26.     In the Third August 18 Award, the Arbitrator found that Defendant was in violation of the terms of the CBA and ordered Defendant to: (1) pay wages to Evan Joseph in the amount of $11,284.00; (2) pay fringe benefits to the New York City District Council of Carpenters Benefits Funds in the amount of $21,772.80; and (3) pay one-half of the arbitrator's fee in the amount of $950.00.

27.     The Arbitrator also found that Defendant was required to pay the Union's attorney fees in the amount of $2,500.00 in the event the employer failed to satisfy the award.

28.     Defendant has failed to abide by the Award.

**WHEREFORE,** Plaintiffs respectfully request that this Court:

(1)     Award judgment to Plaintiffs against Defendant confirming the First August 18 Award, the Second August 18 Award and the Third August 18 Award in all respects;

(2)     Award judgment in favor of Plaintiffs ordering Defendant to pay wages to Michael Rebovich in the amount of $23,259.60;

(3)     Award judgment in favor of Plaintiffs ordering Defendant to pay wages to Peter Phillip in the amount of $6,767.75;

(4)     Award judgment in favor of Plaintiffs ordering Defendant to pay wages to Evan Joseph in the amount of $11,284.00;

(5)     Award judgment in favor of Plaintiffs ordering Defendant to pay fringe benefits to the New York City District Council of Carpenters Benefits Funds in the total amount of $56,336.82;

(6)     Award judgment in favor of Plaintiffs ordering Defendant to pay arbitrator's fees in the amount of $950.00 for the First August 18 Award.

(7)     Award judgment in favor of Plaintiffs ordering Defendant to pay arbitrator's fees in the amount of $950.00 for the Second August 18 Award.

(8)     Award judgment in favor of Plaintiffs ordering Defendant to pay arbitrator's fees in the amount of $950.00 for the Third August 18 Award.

(9)     Award judgment in favor of Plaintiffs ordering Defendant to pay attorneys' fees to the Union in the amount of $7,500.00 for the Employer's failure to satisfy the award;

(10)    Award judgment in favor of Plaintiffs ordering Defendant to pay all attorneys' fees and costs of this action; and

(11)    Award Plaintiffs such other and further relief as is just and proper.

Dated: New York, New York
       September 18, 2013

                              VIRGINIA & AMBINDER, LLP

                    By: _____
                        Michael Bauman
                        Trinity Centre
                        111 Broadway, Suite 1403
                        New York, New York 10006
                        (212) 943-9080

                        *Attorneys for Plaintiffs*

# EXHIBIT A

**OFFICE OF THE IMPARTIAL ARBITRATOR**
**ROGER E. MAHER**
IMPARTIAL ARBITRATOR

-------------------------- ------------------------------------------------------ x

**In the matter of the Arbitration between**

THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS, LOCAL 4112
**Union,**

**ARBITRATOR'S DEFAULT AWARD**

-against-

DEZZ DRYWALL CONSTRUCTION, LLC,
**Respondent Employer.**

----------------------------------------------------------------------------------x

The above named Union and Employer are parties to a Collective Bargaining Agreement,
effective 9/01/2009, which provides for arbitration of disputes under said agreement before
Arbitrator, Roger Maher.

In accordance with the terms of the underlying written agreement, the Civil Practice Law
and Rules of the State of New York and the herein Notice of Intention to Arbitrate dated
7/11/2013, the District Council of Carpenters scheduled a hearing at its office located at 395
Hudson Street, New York, for 8/14/2013 at 9:00 AM in order to determine the dispute between
the parties. Said Notice advised the Employer that in the event of failure to appear at this
hearing, the Arbitrator had the authority to proceed with the hearing and to issue an award on the
basis of his evaluation of the evidence made available to him.

On 8/14/2013, at the place and time designated at the aforesaid Notice of Hearing,
Michael Bauman, Esq. appeared on behalf of the Union and submitted proof that the Employer
had legally sufficient notice of this proceeding and the claims against. There being no appearance
on behalf of the Employer, nor any request for an adjournment or extension of time to appear, the
undersigned found the Employer to be in default, and proceeded to hear the testimony and take
evidence on the claims of the Union.

1

**The issue submitted by the Union was:**

"Whether the Employer violated the Collective Bargaining Agreement when it laid-off Shop Steward Michael Rebovich on 1/11/2011, from the 929 Cortland Ave., Bronx, NY job site? And if so, what shall be the remedy?"

At the 8/14/2013 Hearing full opportunity was afforded the parties to be heard, offer evidence and argument. Pursuant to the foregoing and having heard and considered the proofs and allegations of the Union, the undersigned Arbitrator made the following Award.

**AWARD**

The Arbitrator finds the Employer, Dezz Drywall Construction, LLC, violated the Collective Bargaining Agreement when it laid-off Shop Steward Michael Rebovich on 1/11/2011, from the 929 Cortland Ave., Bronx, NY job site.

As and for the remedy, the Arbitrator directs the Employer, Dezz Drywall Construction, LLC, to pay wages and fringe benefits on behalf of the carpenter/ Shop Steward listed in this award.

Accordingly the Employer shall pay directly to the identified carpenter member the wages listed below less any statutory deductions, and shall pay fringe benefits on the members behalf directly to the NYC District Council of Carpenters Benefit Funds as follows:

| Employee | Hrs/Rate | Wages | Hrs/Rate | Fringe Benefits |
|---|---|---|---|---|
| Michael Rebovich UBC# 4176-6997 | 504 hrs @ $ 46.15 | $ 23,259.60 | 504 hrs @ $38.88 | $ 19,595.52 |

Total Wages to be Paid      $ 23,259.60
Total Benefits to be Paid      $ 19,595.52
**Total Amount to be Paid**      **$ 42,855.12**

Pursuant to the Collective Bargaining Agreement the parties have agreed to share the cost of the Arbitrator's fee. The Arbitrator's fee in the matter is One Thousand Nine Hundred dollars & 00/100 ($ 1,900.00). Therefore, the Employer shall pay Nine Hundred Fifty & 00/100 dollars ($ 950.00) and the Union shall pay Nine Hundred Fifty & 00/100 dollars ($ 950.00) directly to the Arbitrator.

In the event the Employer Dezz Drywall Construction, LLC fails to satisfy the aforementioned remedies and council for the Union is required to enforce the terms of this award in court, the Employer will be liable to pay the Union's related attorney fees in the amount of Two Thousand Five Hundred & 00/100 dollars ($ 2,500.00).

Dated: Brooklyn, New York
August 18, 2013

ROGER E. MAHER, Arbitrator

## AFFIRMATION

STATE OF NEW YORK )
COUNTY OF KINGS )

We the undersigned under penalty of perjury affirms that he is the Arbitrator in the within proceeding and signed same in accordance with the arbitration law of the state of New York.

ROGER E. MAHER

3

**Service List:**

Michael Bauman, Esq.
Virginia Ambinder, LLP
111 Broadway, Suite 1403
New York, NY 10006

Paul Tyznar, Grievance Chair
NYC District Council of Carpenters
395 Hudson Street
New York, NY 10014

James Makin, Investigator
Office of Inspector General
United Brotherhood of Carpenters & Joiners of America
District Council of NYC & Vicinity
395 Hudson Street
New York, NY 10014

Sparkle Charles
Dezz Drywall Construction, LLC
130-14 221st Street
Laurelton, NY 17473
Via Certified Mail Return Receipt Requested # 70123460000351397494

4

# EXHIBIT B

**OFFICE OF THE IMPARTIAL ARBITRATOR**
**ROGER E. MAHER**
IMPARTIAL ARBITRATOR

------------------------- ----------------------------------------------- x

**In the matter of the Arbitration between**

THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS, LOCAL 4112
**Union,**

**ARBITRATOR'S DEFAULT AWARD**

-against-

DEZZ DRYWALL CONSTRUCTION, LLC,
**Respondent Employer.**
-----------------------------------------------------------------------------x

The above named Union and Employer are parties to a Collective Bargaining Agreement, effective 9/01/2009, which provides for arbitration of disputes under said agreement before Arbitrator, Roger Maher.

In accordance with the terms of the underlying written agreement, the Civil Practice Law and Rules of the State of New York and the herein Notice of Intention to Arbitrate dated 7/11/2013, the District Council of Carpenters scheduled a hearing at its office located at 395 Hudson Street, New York, for 8/14/2013 at 9:00 AM in order to determine the dispute between the parties. Said Notice advised the Employer that in the event of failure to appear at this hearing, the Arbitrator had the authority to proceed with the hearing and to issue an award on the basis of his evaluation of the evidence made available to him.

On 8/14/2013, at the place and time designated at the aforesaid Notice of Hearing, Michael Bauman, Esq. appeared on behalf of the Union and submitted proof that the Employer had legally sufficient notice of this proceeding and the claims against. There being no appearance on behalf of the Employer, nor any request for an adjournment or extension of time to appear, the undersigned found the Employer to be in default, and proceeded to hear the testimony and take evidence on the claims of the Union.

1

**The issue submitted by the Union was:**

"Whether the Employer violated the Collective Bargaining Agreement when it failed to pay full contract wages & fringe benefits to Peter Phillip for carpentry work performed for 11 weeks beginning on or about May 2012 at the Red Hook, Brooklyn, NY job site.? And if so, what shall be the remedy?"

At the 8/14/2013 Hearing full opportunity was afforded the parties to be heard, offer evidence and argument. Pursuant to the foregoing and having heard and considered the proofs and allegations of the Union, the undersigned Arbitrator made the following Award.

### AWARD

The Arbitrator finds the Employer, Dezz Drywall Construction, LLC, violated the Collective Bargaining Agreement when it failed to pay full contract wages & fringe benefits to Peter Phillip for carpentry work performed for 11 weeks beginning on or about May 2012 at the Red Hook, Brooklyn, NY job site.

As and for the remedy, the Arbitrator directs the Employer, Dezz Drywall Construction, LLC, to pay wages and fringe benefits on behalf of the carpenter listed in this award.

Accordingly the Employer shall pay directly to the identified carpenter member the wages listed below less any statutory deductions, and shall pay fringe benefits on the members behalf directly to the NYC District Council of Carpenters Benefit Funds as follows:

| Employee | Hrs/Rate | Wages | Hrs/Rate | Fringe Benefits |
|---|---|---|---|---|
| Peter Phillip UBC# 6418-0404 | 385 hrs @ $46.15 - Contract Paid in Cash Due | $ 17,767.75 (11,000.00) $  6,767.75 | 385 hrs @ $ 38.88 | $ 14,968.50 |

Total Wages to be Paid      $  6,767.75
Total Benefits to be Paid     $ 14,968.50
**Total Amount to be Paid**    **$ 21,736.25**

2

Pursuant to the Collective Bargaining Agreement the parties have agreed to share the cost of the Arbitrator's fee. The Arbitrator's fee in the matter is One Thousand Nine Hundred dollars & 00/100 ($ 1,900.00). Therefore, the Employer shall pay Nine Hundred Fifty & 00/100 dollars ($ 950.00) and the Union shall pay Nine Hundred Fifty & 00/100 dollars ($ 950.00) directly to the Arbitrator.

In the event the Employer Dezz Drywall Construction, LLC fails to satisfy the aforementioned remedies and council for the Union is required to enforce the terms of this award in court, the Employer will be liable to pay the Union's related attorney fees in the amount of Two Thousand Five Hundred & 00/100 dollars ($ 2,500.00).

Dated: Brooklyn, New York
August 18, 2013

ROGER E. MAHER, Arbitrator

## AFFIRMATION

STATE OF NEW YORK )
COUNTY OF KINGS )

We the undersigned under penalty of perjury affirms that he is the Arbitrator in the within proceeding and signed same in accordance with the arbitration law of the state of New York.

ROGER E. MAHER

**Service List:**

Michael Bauman, Esq.
Virginia Ambinder, LLP
111 Broadway, Suite 1403
New York, NY 10006

Paul Tyznar, Grievance Chair
NYC District Council of Carpenters
395 Hudson Street
New York, NY 10014

James Makin, Investigator
Office of Inspector General
United Brotherhood of Carpenters & Joiners of America
District Council of NYC & Vicinity
395 Hudson Street
New York, NY 10014

Sparkle Charles
Dezz Drywall Construction, LLC
130-14 221st Street
Laurelton, NY 17473
Via Certified Mail Return Receipt Requested # 70123460000351397487

# EXHIBIT C

**OFFICE OF THE IMPARTIAL ARBITRATOR**
**ROGER E. MAHER**
IMPARTIAL ARBITRATOR
-------------------------- ------------------------------------------------- x

**In the matter of the Arbitration between**

THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS, LOCAL 4112
**Union,**

                                             **ARBITRATOR'S DEFAULT AWARD**

-against-

DEZZ DRYWALL CONSTRUCTION, LLC,
                **Respondent Employer.**
------------------------------------------------------------------------------x

      The above named Union and Employer are parties to a Collective Bargaining Agreement, effective 9/01/2009, which provides for arbitration of disputes under said agreement before Arbitrator, Roger Maher.

      In accordance with the terms of the underlying written agreement, the Civil Practice Law and Rules of the State of New York and the herein Notice of Intention to Arbitrate dated 7/11/2013, the District Council of Carpenters scheduled a hearing at its office located at 395 Hudson Street, New York, for 8/14/2013 at 9:00 AM in order to determine the dispute between the parties. Said Notice advised the Employer that in the event of failure to appear at this hearing, the Arbitrator had the authority to proceed with the hearing and to issue an award on the basis of his evaluation of the evidence made available to him.

      On 8/14/2013, at the place and time designated at the aforesaid Notice of Hearing, Michael Bauman, Esq. appeared on behalf of the Union and submitted proof that the Employer had legally sufficient notice of this proceeding and the claims against. There being no appearance on behalf of the Employer, nor any request for an adjournment or extension of time to appear, the undersigned found the Employer to be in default, and proceeded to hear the testimony and take evidence on the claims of the Union.

1

**The issue submitted by the Union was:**

"Whether the Employer violated the Collective Bargaining Agreement when it failed to pay full contract wages & fringe benefits to Evan Joseph for carpentry work performed for 16 weeks beginning on or about May 2012 at the Red Hook, Brooklyn, NY job site.? And if so, what shall be the remedy?"

At the 8/14/2013 Hearing full opportunity was afforded the parties to be heard, offer evidence and argument. Pursuant to the foregoing and having heard and considered the proofs and allegations of the Union, the undersigned Arbitrator made the following Award.

## AWARD

The Arbitrator finds the Employer, Dezz Drywall Construction, LLC, violated the Collective Bargaining Agreement when it failed to pay full contract wages & fringe benefits to Evan Joseph for carpentry work performed for 16 weeks beginning on or about May 2012 at the Red Hook, Brooklyn, NY job site.

As and for the remedy, the Arbitrator directs the Employer, Dezz Drywall Construction, LLC, to pay wages and fringe benefits on behalf of the carpenter listed in this award.

Accordingly the Employer shall pay directly to the identified carpenter member the wages listed below less any statutory deductions, and shall pay fringe benefits on the members behalf directly to the NYC District Council of Carpenters Benefit Funds as follows:

| Employee | Hrs/Rate | Wages | Hrs/Rate | Fringe Benefits |
|----------|----------|-------|----------|-----------------|
| Evan Joseph UBC# 7418-0725 | 560 hrs @ $46.15 - Contract 560 hrs @ $26.00 - Paid Due | $25,844.00 (14,560.00) $11,284.00 | 560 hrs @ $38.88 | $21,772.80 |

| | |
|---|---|
| Total Wages to be Paid | $11,284.00 |
| Total Benefits to be Paid | $21,772.80 |
| **Total Amount to be Paid** | **$33,056.80** |

2

Pursuant to the Collective Bargaining Agreement the parties have agreed to share the cost of the Arbitrator's fee. The Arbitrator's fee in the matter is One Thousand Nine Hundred dollars & 00/100 ($ 1,900.00). Therefore, the Employer shall pay Nine Hundred Fifty & 00/100 dollars ($ 950.00) and the Union shall pay Nine Hundred Fifty & 00/100 dollars ($ 950.00) directly to the Arbitrator.

In the event the Employer Dezz Drywall Construction, LLC fails to satisfy the aforementioned remedies and council for the Union is required to enforce the terms of this award in court, the Employer will be liable to pay the Union's related attorney fees in the amount of Two Thousand Five Hundred & 00/100 dollars ($ 2,500.00).

Dated: Brooklyn, New York
August 18, 2013

_____
ROGER E. MAHER, Arbitrator

## AFFIRMATION

STATE OF NEW YORK )
COUNTY OF KINGS )

We the undersigned under penalty of perjury affirms that he is the Arbitrator in the within proceeding and signed same in accordance with the arbitration law of the state of New York.

_____
ROGER E. MAHER

3

**Service List:**

Michael Bauman, Esq.
Virginia Ambinder, LLP
111 Broadway, Suite 1403
New York, NY 10006

Paul Tyznar, Grievance Chair
NYC District Council of Carpenters
395 Hudson Street
New York, NY 10014

James Makin, Investigator
Office of Inspector General
United Brotherhood of Carpenters & Joiners of America
District Council of NYC & Vicinity
395 Hudson Street
New York, NY 10014

Sparkle Charles
Dezz Drywall Construction, LLC
130-14 221st Street
Laurelton, NY 17473
Via Certified Mail Return Receipt Requested # 70123460000351397425